1

2

3

4

5

6

7

8           **IN THE UNITED STATES DISTRICT COURT**

9           **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   JAMES ROY McNEIL,                    No. CIV S-08-2241-CMK-P

12              Plaintiff,

13        vs.                             <u>ORDER</u>

14   J. WALKER, et al.,

15              Defendants.

16   _____/

17          Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant

18   to 42 U.S.C. § 1983.  Pending before the court is plaintiff's complaint (Doc. 1).

19          The court is required to screen complaints brought by prisoners seeking relief

20   against a governmental entity or officer or employee of a governmental entity.  <u>See</u> 28 U.S.C.

21   § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or

22   malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

23   from a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. § 1915A(b)(1), (2).  Moreover,

24   the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

25   statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

26   This means that claims must be stated simply, concisely, and directly.  <u>See</u> <u>McHenry v. Renne</u>,

1

84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I.  PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as defendants:  J. Walker, R. Redding, Watson, Canon, Yanders, Hayes, Porter, Cash, and the Warden of Lancaster State Prison.  Plaintiff claims that, while incarcerated at New Folsom Sate Prison, defendant R. Redding, a correctional officer, "forcefully hit me on the lower lip with his pepper can spray."  Plaintiff asserts that defendant J. Walker, the prison warden, "is also responsible because he is in charge of his staff."  Finally, plaintiff states that defendant Watson, "is gonna be my material witness."  The complaint does not set forth any allegations as to the remaining named defendants.  Plaintiff seeks $1,000,000.00 in compensatory damages.

## II.  DISCUSSION

The court finds that the complaint appears to state a cognizable claim of excessive force against defendant R. Redding.  However, as to defendant J. Walker, who is a supervisory defendant, plaintiff has not adequately alleged supervisory liability.  Supervisory personnel are generally not liable under § 1983 for the actions of their employees.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983).  A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations, or had actual knowledge of the violations and failed to

2

1    act to prevent them.  See id.  When a defendant holds a supervisory position, the causal link

2    between him and the claimed constitutional violation must be specifically alleged.  See Fayle v.

3    Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir.

4    1978).  Vague and conclusory allegations concerning the involvement of supervisory personnel

5    in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th

6    Cir. 1982).

7            As to defendant Watson, plaintiff has not alleged any conduct which would give

8    rise to a constitutional violation.  Defendant Watson cannot be held liable merely because he

9    witnessed events.  As to all other named defendants, plaintiff has not set forth any allegations

10   whatsoever linking them to a constitutional violation.  To state a claim under 42 U.S.C. § 1983,

11   the plaintiff must allege an actual connection or link between the actions of the named defendants

12   and the alleged deprivations.  See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo

13   v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a

14   constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in

15   another's affirmative acts, or omits to perform an act which he is legally required to do that

16   causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th

17   Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel

18   in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th

19   Cir. 1982).  Rather, the plaintiff must set forth specific facts as to each individual defendant's

20   causal role in the alleged constitutional deprivation.  See Leer v. Murphy, 844 F.2d 628, 634 (9th

21   Cir. 1988).

22

23                           **III.  CONCLUSION**

24            Because it is possible that the deficiencies identified in this order may be cured by

25   amending the complaint, plaintiff is entitled to leave to amend.  See Lopez v. Smith, 203 F.3d

26   1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an

1   amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258,

2   1262 (9th Cir. 1992).  Therefore, if plaintiff amends the complaint, the court cannot refer to the

3   prior pleading in order to make plaintiff's amended complaint complete.  See Local Rule 15-220.

4   An amended complaint must be complete in itself without reference to any prior pleading.  See

5   id.

6           If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

7   conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

8   Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how

9   each named defendant is involved, and must set forth some affirmative link or connection

10  between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d

11  164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

12          Because the complaint appears to otherwise state a cognizable claim against

13  defendant R. Redden, if no amended complaint is filed within the time allowed therefor, the court

14  will issue findings and recommendations that the claims identified herein as defective be

15  dismissed, as well as such further orders as are necessary for service of process as to the

16  cognizable claims provided that plaintiff resolves the fee status for this case.

17          Accordingly, IT IS HEREBY ORDERED that plaintiff may file a first amended

18  complaint within 30 days of the date of service of this order.

19

20   DATED: October 3, 2008

21                                                    _____

22                                                    CRAIG M. KELLISON
                                                     UNITED STATES MAGISTRATE JUDGE
23

24

25

26

                                                    4